HAWTHORNE, Justice
(concurring in the decree).
I cannot subscribe to the judgment of the district court which enjoined the Board *161 of Supervisors of Election for the Parish of Plaquemines from appointing commissioners or certifying any person as a commissioner or clerk to serve in the General Election to be held in that parish on Tuesday, November 6, whose name does not appear on the list furnished to the board of supervisors by the Plaquemines Parish Democratic Executive Committee, and which directed and ordered the board of supervisors of election to certify and issue commissions as provided by law to three commissioners and one clerk for each polling precinct of Plaquemines Parish from the list furnished to it by the Plaquemines Parish Democratic Executive Committee.
R.S. 18:555 reads as follows:
“In every parish the board of supervisors shall, thirty days prior to any election, appoint three commissioners and one clerk to preside over the election at each polling precinct. They shall be qualified voters of the ward of which the polling precinct forms a part and shall be appointed from lists to contain not less than six names furnished by each political party. These lists shall be furnished to the board at least thirty-five days before the day of election. Any list offered after that date shall not be received, nor shall any such list be received or acted upon or recognized by the board of supervisors of election which shall contain the name of any person not registered as affiliated with the party handing in the list. Insofar as is practicable, the commissioners shall be so apportioned as to represent equally all the political parties authorised to make nominations. The parish committee, subject to the approval of the state central committee of each political party, shall select the names which are to be sent to the board as provided herein.” (Italics mine.)
The testimony adduced in the court below, any conclusions of law in the pleadings to the contrary notwithstanding, shows in fact that both the Republicans and the Democrats, two political parties, furnished lists to the board of supervisors, and that the board in selecting the commissioners and clerks chose names that were on the lists furnished by these two political parties. Consequently, if it is conceded for the sake of argument that the approval of the list by the state central committee of the Democratic Party was unnecessary, and that the Plaquemines Parish Democratic Executive Committee in the instant case submitted a legal and valid list, even then respondent is not entitled to the relief it here seeks — -that is, that all commissioners and clerks be selected and appointed from the list which it furnished.
Moreover, the effect of the judgment of the court below, ordering that all commissioners and clerks be selected from the list submitted by the Democratic Party, is to remove from the list of commissioners and clerks selected by the board of supervisors any names thereon contained on the *163 Republican li,st, without that political organization being made a party to the suit, and without the list furnished by it being declared invalid.
The statute makes it the mandatory duty of the board of supervisors to appoint the commissioners and clerks from lists furnished by each political party. The statute therefore prohibits the board of supervisors from appointing all the commissioners and clerks from a list submitted by one political party in a case, such as the instant one, where more than one political party has submitted a list.
The statute here is to govern the holding and conducting of general elections, and the object and purpose of R.S. 18:555 is to give to each political party fair and just apportionment of the commissioners and clerks who serve in a general election; and to say that any political party is entitled to have its members serve as all commissioners and clerks would in my opinion'defeat the very object and purpose of the statute. In fact, this section itself provides: “Insofar as is practicable, the commissioners shall be so apportioned as to represent equally all the political parties authorized to make nominations.” In the instant case respondent Plaquemines Parish Democratic Executive Committee does not complain or allege that it is being denied a fair apportionment of commissioners and clerks, and in fact it concedes in argument before this court that the names of some commissioners and clerks chosen to serve at the General Election were on the list furnished by it. In the absence of any such allegation or proof, it has no.cause for complaint.